IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DONNELL M. DYER-EL,**

    Petitioner,

v.                                                                                       Civil Action No. **3:19CV365**

**MARK J. BOLSTER,**

    Respondent.

## MEMORANDUM OPINION

Donnell M. Dyer-El, a District of Columbia Code Offender incarcerated in the Federal Correctional Complex in Petersburg, Virginia, proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition.[1] (ECF No. 6.) The Government filed its opposition. (ECF No. 10.) For the reasons set forth below, Dyer-El's claims and the action will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

Dyer-El has moved for the appointment of counsel. No constitutional right to have appointed counsel in post-conviction proceedings exists. *Mackall v. Angelone*, 131 F.3d 442, 449 (4th Cir. 1997). The Court, however, may appoint counsel to a financially eligible person if justice so requires. *See* 18 U.S.C. § 3006A(a)(2)(B). Upon review of Dyer-El's submissions, the Court

---

[1] The statute provides, in pertinent part:

(c) The writ of habeas corpus shall not extend to a prisoner unless--
    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
    (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C.A. § 2241(c)(1)–(3).

concludes that the issues in this matter are not complex and the interests of justice do not require the appointment of counsel at this juncture. Accordingly, the motions for appointment (ECF Nos. 2, 14, 17, 19) will be DENIED.

## I. Procedural History

On January 30, 1998, a jury in the Superior Court for the District of Columbia convicted Dyer-El of first-degree murder while armed, possession of a firearm during the commission of a crime of violence ("PFDCCV"), carrying a pistol without a license ("CPWL"), and obstruction of justice. (ECF No. 10–5, at 2.) On March 27, 1998, the Superior Court sentenced Dyer-El to the following consecutive periods of incarceration: 30 years to life for first-degree murder; 5–15 years for PFDCCV, 20–60 months for CPWL, and 15 years to life for obstruction of justice. (*Id.*) Thereafter, Dyer-El filed an unsuccessful Motion to Vacate Conviction pursuant D.C. Code Section 23–110. (*Id.* at 2–4.)

On May 15, 2019, Dyer-El filed his § 2241 Petition in this Court. (ECF No. 1.) By Memorandum Order entered on May 29, 2019, the Court required Dyer-El to file his petition on the standardized form for 28 U.S.C. § 2241 petitions. (ECF No. 4.) On June 13, 2019, Dyer-El filed his § 2241 Petition on the standardized form and raised the following claims for relief:[2]

Claim 1     "The presentence report reveals that the Judgment and Commitment Order is a perjured document, based on dismissed and abandoned grand jury indictment-information, that was later presented to the new trial court judge as information-indictment, based on a misdemeanor offense, and should have been sentenced as such." (ECF No. 6, at 6.)

Claim 2     "Ineffective assistance of counsel of four defense counsel had repeatedly been reappointed without any evidentiary hearings between each new reappointment of defense attorney(s) when a pro se claim of conflict of interest was filed to the trial/sentencing court judge." (*Id.* at 8.)

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in the quotations from Dyer-El's submissions.

2

| | |
|---|---|
| Claim 3 | (a) "There was a post-deliberation juror substitution that was down-played by the trial judge . . . it was later learned that this is a serious violation of the petitioner's right of an unanimous verdict that was glossed over the D.C. Superior Court of Appeals. (*Id.*)<br>(b)(1) "This ground was not presented effectively by" (i) trial counsel; (ii) appellate counsel; or (iii) post-conviction counsel. (*Id.*) |
| Claim 4 | "An uncounseled post-verdict plea offer was made to the petitioner from the government that violated the 5th and 6th Amendments that went unrecorded by the sentencing court. The petitioner wrote to the judge to accept the plea and got no response the from court about this issue." (*Id.* at 9.) |

## II.  Analysis

"An inmate who is incarcerated in federal prison pursuant to a conviction from the D.C. Superior Court is generally considered a 'state' prisoner for purposes of habeas relief in federal court." *Wheeler v. Rivera*, No. 2:14CV00064 KGB/JTR, 2015 WL 7731473, at *2 (E.D. Ark. Apr. 23, 2015) (citing *Adams v. Middlebrooks*, 810 F. Supp. 2d 119, 122 (D.D.C. 2011); *Tyree v. Lindsay*, No. 1:06–CV–0112, 2007 WL 3231802 (M.D. Pa. Oct. 31, 2007)), report and recommendation adopted, No. 2:14CV00064KGBTR, 2015 WL 7738002 (E.D. Ark. Nov. 30, 2015). "A prisoner who is convicted and sentenced by the District of Columbia Superior Court may seek collateral review pursuant to D.C. Code § 23–110(a), which authorizes a motion to vacate on the ground that the 'sentence was imposed in violation of the Constitution of the United States[.]'" *Id.* (quoting D.C. Code § 23–110(a)). That "statute goes on to provide that a habeas petition challenging the same sentence 'shall not be entertained' by a federal court 'unless it also appears that the remedy by [D.C. Code § 23–110(a)] is inadequate or ineffective to test the legality of his detention.'" *Id.* (alteration in original) (quoting D.C. Code § 23–110(g)). Thus, the courts agree that D.C. Code 23–110(g) "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a section 23–110 remedy available to them, unless the petitioner could show that the section 23–110 remedy was inadequate or ineffective[.]" *Blair–Bey*

3

*v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998) (internal quotations marks omitted) (citation omitted).

To show that the remedy under § 23–110 is inadequate or ineffective, the inmate must show that "it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Smith*, 285 F.3d 6, 8 (D.C. Cir. 2002) (quoting *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998)). "The United States District Court for the District of Columbia has recognized that challenges to the effectiveness of appellate counsel cannot be brought under section 23–110, thus holding that the remedy is inadequate and ineffective" for such challenges. *Inyangette v. Drew*, No. 6:11–3401–JFA–KFM, 2012 WL 4379041, at *4 (D.S.C. Feb. 16, 2012) (citing *Williams v. Martinez*, 586 F.3d 995, 1000 (D.C. Cir. 2009)), report and recommendation adopted, No. 6:11–3401–MGL–KFM, 2012 WL 4380157 (D.S.C. Sept. 25, 2012).[3]

For Claims 1, 2, 3(a), 3(b)(i), and 3(b)(ii), Dyer-El fails to coherently explain why the remedy afforded by D.C. Code § 23–110(a) is inadequate and ineffective. (ECF No. 6, at 5.) Instead, he merely repeats a version of his claims for relief and insists that he was denied the effective assistance of counsel. (*Id.*) Because Dyer-El fails to demonstrate that the remedy afforded by D.C. Code § 23–110 is adequate or ineffective to test his conviction, with respect to

---

[3] "[A] remedy outside of section 23–110 exists, and a claim of ineffective assistance of appellate counsel must instead be raised through a motion to recall the mandate in the D.C. Court of Appeals. *Inyangette*, 2012 WL 4379041, at *4 (citing *Williams*, 586 F.3d at 1000.) "A D.C. offender can bring a claim of ineffective assistance of appellate counsel in federal district court, but only after he has moved to recall the mandate in the D.C. Court of Appeals." *Id.* (internal citations omitted) (citation omitted).

Claim 1, 2, 3(a), 3(b)(i), and 3(b)(iii), those claims will be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Claim 3(b)(ii) raises a claim of ineffective assistance of appellate counsel which is not barred under D.C. Code § 23–110(g). *Williams*, 586 F.3d at 1000. Such a claim, however, should be pursued pursuant to 28 U.S.C. § 2254. *Id.* at 1002; *Earle v. United States*, 987 F. Supp. 2d 7, 9–10 (D.D.C. 2013) (citing *Williams*, 586 F.3d at 1002; *Adams v. Middlebrooks*, 810 F. Supp. 2d 119, 122 (D.D.C. 2011)). If Dyer-El wishes to invoke this Court's jurisdiction under 28 U.S.C. § 2254 to challenge his conviction, he must do so unequivocally and in accordance with the rules governing such actions. Accordingly, the Clerk's Office will be DIRECTED to MAIL Dyer-El, the standardized form for filing a 28 U.S.C. § 2254 petition. *Cf. United States v. Blackstock*, 513 F.3d 128, 132–33 (4th Cir. 2008) (explaining that the district court must advise inmates of the consequences of filing a § 2255 motion prior to converting a mislabeled post-conviction motion into a motion pursuant to § 2255). If Dyer-El wishes to pursue Claim 3(b)(ii) in a 28 U.S.C. § 2254 petition he should complete the form and promptly return it to this Court.

The Court advises Dyer-El that all claims brought under 28 U.S.C. § 2254 must be brought in a single motion. Before a second or successive § 2254 motion is filed in district court, Dyer-El must obtain permission from the Fourth Circuit in accordance with the following standard:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

>
> convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari. . . .

28 U.S.C. § 2244(b).

Additionally, there is a one-year period of limitation for a writ of habeas corpus brought under § 2254. *See* 28 U.S.C. § 2244(d)(1). The limitations period is tolled while properly filing direct appeals and collateral relief petitions are pending. *See* 28 U.S.C. § 2244(d)(2). Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>    **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2.     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Conclusion

Dyer-El's claims and the action will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction. The Clerk will be DIRECTED to mail the standardized form for filing a 28 U.S.C. § 2254 petition to Dyer-El.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 29 June 2020
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge