IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DONNELL M. DYER-EL,**

    Petitioner,

v.                                                                Civil Action No. **3:19CV365**

**MARK J. BOLSTER,**

    Respondent.

## MEMORANDUM OPINION

Donnell M. Dyer-El, a District of Columbia Code Offender incarcerated in the Federal Correctional Complex in Petersburg, Virginia, proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. (ECF No. 6.) The matter is before the Court on Dyer-El's Motion for Reconsideration of the June 29, 2020 decision that dismissed his action. For the reasons set forth below, the Motion for Reconsideration (ECF No. 23) will be DENIED.

### I. Procedural History

In his § 2241 Petition, Dyer-El challenged his 1998 convictions in the Superior Court for the District of Columbia for first-degree murder while armed, possession of a firearm during the commission of a crime of violence, carrying a pistol without a license ("CPWL"), and obstruction of justice. By Memorandum Opinion and Order entered on June 29, 2020, the Court dismissed the action and Dyer-El's claims for want of jurisdiction because they could not be pursued in a 28 U.S.C. § 2241 petition. *Dyer-El v. Bolster*, No. 3:19CV365, 2020 WL 3513695, at *3 (E.D. Va. June 29, 2020). The Court further noted that under the somewhat convoluted law that governs District of Columbia Code Offenders, Dyer-El could pursue his claim of ineffective assistance of appellate counsel in this Court in a 28 U.S.C. § 2254 petition. *Id.* The Clerk mailed the appropriate form to Dyer-El to the extent that he wanted to pursue that claim in this Court.

Thirty days later, on July 29, 2020, Dyer-El executed and presumably mailed his Motion for Reconsideration to this Court.[1] Accordingly, the Court will consider the motion as one seeking relief under Federal Rule of Civil Procedure 60(b). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))); *In re Burnley*, 988 F.2d 1, 2–3 (4th Cir. 1992) (concluding post-judgment motion filed outside the period for filing a Rule 59(e) should be considered a Rule 60(b) Motion).

### III. Analysis

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (citing *Werner*, 731 F.2d at 207). Furthermore, a litigant cannot use Rule 60(b) simply to request "reconsideration of legal issues already addressed in an earlier ruling." *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (citing *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982)).

Dyer-El fails to demonstrate that he is entitled to relief under Rule 60(b). Although Dyer-El contends that the Court's dismissal of the action was wrong, he fails to explain as a matter of fact and law why that is so. Instead, the majority of Dyer-El's Motion for Reconsideration is

---

[1] The Court deems the Motion for Reconsideration filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

devoted to insisting that the Court should appoint counsel to assist in filing any further habeas petition. It is well established that "the initial burden of presenting a claim [for] post-conviction relief usually rests upon the indigent prisoner himself with such help as he can obtain within the prison walls or the prison system." *Johnson v. Avery*, 393 U.S. 483, 488 (1969). "In most federal courts, it is the practice to appoint counsel in post-conviction proceedings *only after* a petition for post-conviction relief passes initial judicial evaluation *and* the court has determined that issues are presented calling for an evidentiary hearing" or that the matter cannot be adequately litigated without the assistance of counsel. *Id.* at 487 (emphases added) (citing *Taylor v. Pegelow*, 335 F.2d 147 (4th Cir. 1964), and *United States ex rel. Marshall v. Wilkins*, 338 F.2d 404 (2d Cir. 1964)). If Dyer-El files a § 2254 petition and the interests of justice warrant the appointment of counsel, the Court will appoint counsel to represent Dyer-El. The Motion for Reconsideration (ECF No. 23) will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 30 October 2020
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge